**Michael SWIATKOWSKI and Lidia Swiatkowski, Plaintiffs–Appellants,**

**v.**

**The State of NEW YORK, George Pataki, Eliot Spitzer, Zelda Jones, Citibank, as Citicorp and as Citi Mortgage Servicing Agent, Carl Levinson, Individually and as CEO, Garry R. Seligson, as V.P. and General Counsel Legal Dep't, Jaime R. Hutchison, Teresa Metcalf, Esq., David Gallo, Manton, Sweeney, Gallo, Reich & Bolz, LLP, Rosemary A. Klie, Rashel Mehlman, Esq., William J. Corbett, John Does 1–100, these names being fictitious, the actual names and addresses being unknown, each named party individually and jointly in their official capacity, if any, Defendants–Appellees.**

No. 05–1921.

United States Court of Appeals, Second Circuit.

Dec. 13, 2005.

Lidia Swaitkowski (Michael Swaitkowski, on the brief), Massapequa, NY, for Appellants, pro se.

Gregory Silbert, Assistant Solicitor General of the State of New York (Eliot Spitzer, Attorney General of the State of New York, Michael S. Belohlavek, Senior Counsel, Division of Appeals and Opinions, on the brief), New York, NY, for state defendants-appellees.

Rashel M. Mehlman, Manton, Sweeney, Gallo, Reich & Bolz, LLP, Rego Park, NY, for non-state defendants-appellees.

PRESENT: JON O. NEWMAN, JOSÉ A. CABRANES, and PETER W. HALL Circuit Judges.

### AMENDED SUMMARY ORDER

Lidia and Michael Swiatkowski ("the Swiatkowskis") appeal from a March 18, 2005 Order of the District Court remanding one case (filed by Citibank in state court and removed by the Swiatkowskis to the District Court on November 24, 2004) to the Supreme Court of the State of New York, County of Nassau, and dismissing a second case (filed by the Swiatkowskis in the District Court on January 12, 2005) for lack of subject-matter jurisdiction.

We assume the parties' familiarity with the underlying facts and procedural history.

The Swiatkowskis may have waived on appeal any objection to the remand of the state court case. Br. of Appellants 1. In any event, the District Court correctly

held that the plaintiffs in removing their case sought impermissible review of a state court decision by an inferior federal court. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77 (2d Cir.2005); *Moccio v. N.Y. State Office of Court Admin.,* 95 F.3d 195, 197 (2d Cir.1996); *Gentner v. Shulman,* 55 F.3d 87, 89 (2d Cir.1995). The Swiatkowskis had appealed the state case—a mortgage foreclosure action originally filed on January 17, 2003—to the New York Supreme Court, Appellate Division, following a grant by the Supreme Court, Nassau County, of Citibank's motion for summary judgment on January 29, 2004. That appeal remained pending when the Swiatkowskis removed to the District Court.

The second case concerns allegations of various civil and constitutional rights violations but essentially amounts to an objection to the disposition of the foreclosure action by the Supreme Court, Nassau County. The defendants include the state trial judge, the Governor and Attorney General of New York, and employees of and attorneys of Citibank. As the District Court correctly found, the *Rooker–Feldman* doctrine bars district courts from adjudicating claims, such as those of the Swiatkowskis, that are "inextricably intertwined" with state court determinations—claims that assert "injur[ies] based on a state judgment and seek[ ] review and reversal of that judgment." *Hoblock,* 422 F.3d at 86–87; *Kropelnicki v. Siegel,* 290 F.3d 118, 128 (2d Cir.2002).

We have considered all of plaintiffs' arguments and find them without merit. Substantially for the reasons stated in the Order of the District Court, the judgment of the District Court is **AFFIRMED**.